# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2020

Lyle W. Cayce
Clerk

No. 18-41023
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Bruce Harold Hendler,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-388-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Bruce Harold Hendler pleaded guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B), reserving his right to appeal the district court's denial of his motion to suppress. Hendler was arrested after a search of his van by two police officers revealed electronic

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

devices that contained images of child pornography that Hendler ultimately admitted he had downloaded.

We review the denial of a suppression motion "in the light most favorable to the prevailing party." *United States v. Hernandez*, 670 F.3d 616, 620 (5th Cir. 2012). The district court's legal conclusions, including whether the officers had reasonable suspicion to conduct a *Terry* stop, are reviewed *de novo*. *Ornelas v. United States*, 517 U.S. 690, 699 (1996). Its factual findings are reviewed for clear error. *United States v. Pawlak*, 935 F.3d 337, 346 (5th Cir. 2019).

Hendler first argues that the district court erred in concluding that the arresting officers had reasonable suspicion to detain and question him. Officers may briefly detain an individual on the street for questioning "if they have a reasonable suspicion that criminal activity is afoot." *United States v. Michelletti*, 13 F.3d 838, 840 (5th Cir. 1994) (en banc) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Such a detention is lawful if the officer "can point to specific and articulable facts" supporting a reasonable belief "that a particular person has committed, is committing, or is about to commit a crime." *United States v. Monsivais*, 848 F.3d 353, 357 (5th Cir. 2017) (quotation omitted).

In this case, one of the arresting officers testified at the suppression hearing that his suspicions regarding Hendler arose after he was provided with information from a credible witness that Hendler possessed child pornography, he observed Hendler interact with a young girl at a church, he learned of Hendler's email address which he believed was suggestive of pedophilia, and he drew on his experience investigating pedophilia-related offenses. Because the officer was able to point to specific and articulable facts to support his reasonable belief that Hendler possessed child pornography, *see Monsivais*, 848 F.3d at 357, the officer was entitled to detain Hendler to confirm or dispel those suspicions, *see United States v. Brigham*, 382 F.3d 500,

No. 18-41023

511 (5th Cir. 2004) (en banc).  Accordingly, Hendler fails to show any error in this regard.

Hendler next contends that the district court erred in determining that the plain-view exception to the warrant requirement applied to various electronic devices that were laying on a lounge chair at the outset of the officers' questioning of Hendler.  We need not reach this question, however, as the images of child pornography at issue were discovered on an electronic device seized during a search of Hendler's van.  There is nothing in the record to indicate that the other devices on the lounge chair contained incriminating evidence or that the officers' seizure of those devices led to, or resulted in, the discovery of any evidence under the "fruit of the poisonous tree" doctrine.  *See Segura v. United States*, 468 U.S. 796, 804 (1984).

The officers did recover incriminating evidence from Hendler's van, however.  So we must address his argument that he never voluntarily consented to its search.  A warrantless search is presumptively unreasonable, subject to certain exceptions, such as voluntary consent.  *See United States v. Santiago*, 410 F.3d 193, 198 (5th Cir. 2005).  In evaluating the voluntariness of consent, we consider:

> (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

*Id.* (quotation omitted).

Here, the balance of the factors supports the district court's finding that Hendler voluntarily consented to the search of his van.  Hendler arguably did not feel free to terminate the encounter because the officers retained possession of his electronic devices.  But they did not employ coercive police procedures to induce Hendler's consent, Hendler was extremely

cooperative, and the officers told Hendler on several occasions that he was entitled to withhold his consent. Given that, the district court did not clearly err in determining that his consent was voluntary.

Finally, Hendler contends that he was subjected to a custodial interrogation and, because the arresting officer failed to administer a *Miranda* warning, any incriminating statements should have been suppressed. The Supreme Court has defined custodial interrogation as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). "A suspect is . . . in 'custody' for *Mirada* purposes when placed under formal arrest or when a reasonable person in the suspect's position would have understood the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest." *United States v. Wright*, 777 F.3d 769, 774 (5th Cir. 2015) (quotation omitted).

Hendler was not isolated, physically restrained, or coercively questioned—the hallmarks of a custodial interrogation. To the contrary, Hendler was questioned outside in a public area of a trailer park by officers who spoke to him calmly and professionally, and who never told him that he was under arrest or that he was not permitted to leave. Hendler thus fails to show that he was subject to a custodial interrogation.

The district court's suppression ruling has ample record support. *Pawlak*, 935 F.3d at 346 ("We uphold a district court's denial of a suppression motion if there is any reasonable view of the evidence to support it."). We therefore AFFIRM.